**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                           No. 03-4392

WARREN WHITE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CR-98-19)

Submitted: September 24, 2003

Decided: October 9, 2003

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton, Supervisory Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Robert J. Krask, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Warren White appeals the district court's order revoking his supervised release and sentencing him to seventeen months of imprisonment. We affirm.

We review a district court's order imposing a sentence after revocation of supervised release for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3) (2000). Moreover, because White's sentence does not exceed the statutory maximum sentence under § 3583(e)(3), we review the sentence only to determine whether it is "plainly unreasonable." *See* 18 U.S.C. § 3742(a)(4) (2000).

On appeal, White contests only the finding that he committed a Grade A violation of his supervised release by possessing an M-16 rifle. White argues that, because he had been ordered to active duty in the United States Army and ordered to carry the M-16 while on duty as a gate guard at MacDill Air Force Base, his possession of the M-16 is exempted from the prohibition in 18 U.S.C. § 922(g) (2000), under the exemption contained in 18 U.S.C. § 925(a) (2000). Our review of the record of the revocation hearing leads us to agree with the Government's argument that White failed to raise a statutory exemption defense before the district court. We therefore consider the district court's conclusion that White committed a Grade A violation of his supervised release by unlawfully possessing an M-16 rifle for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Carr*, 303 F.3d 539, 543 (4th Cir. 2002) ("[A]n appellate court may correct an error not brought to the attention of the trial court if (1) there is an error (2) that is plain and (3) that affects substantial rights. If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the

fairness, integrity, or public reputation of judicial proceedings." (internal quotation marks and alteration omitted)), *cert. denied*, 123 S. Ct. 929 (2003).

We conclude that the district court's failure to determine that White's possession of the firearm in question was covered by the exemption in § 925(a) amounted to error that was plain. Even if White could demonstrate that this error affected his substantial rights, the error does not seriously affect the "fairness, integrity or public reputation of" any "judicial proceeding[]." As noted by the district court, White committed three other violations that were essentially uncontested, and this was the third occasion that White was found to have committed multiple violations of his supervised release. The record reveals that White essentially completely disregards the requirements of his supervised release until faced with a petition for violation. Given that this incident was his third violation, and that prior sentences of thirty days and six months of incarceration were inadequate to dissuade White from further violations, a sentence of the maximum term of imprisonment available does not in any way suggest any unfairness in the judicial proceedings.

We accordingly affirm the order of the district court revoking White's supervised release and imposing a seventeen month term of imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*